■ HARRY PARITSKY, Appellant, v BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents. — Appeal from an order and judgment of the Supreme Court at Special Term (Hughes, J.), entered December 12, 1980 in Albany County, which denied plaintiff's motion for a preliminary injunction and granted defendants' cross motion for summary judgment. Plaintiff is licensed to practice chiropractic in the State of New York, and in conjunction with his practice he engaged in a professional advertising campaign wherein he made arrangements with various groups, including labor unions, fraternal and social organizations and business entities, to provide free chiropractic service to the members or employees of the groups. In return, each of the groups agreed to distribute to its members or employees an announcement of the availability of plaintiff's services, and plaintiff thereafter provided the free service for a limited period and generated significant business for his practice. Upon its investigation of the subject advertisements, defendant Board of Regents found them to be violative of 8 NYCRR 29.1 (b) (12) (i) (e) which prohibited advertising offering gratuitous services. Rather than institute

formal disciplinary proceedings, however, defendants offered to close the investigation, pursuant to section 6510 of the Education Law, by an administrative warning and an agreement by plaintiff not to engage in further advertising in violation of the regulation. Plaintiff responded by rejecting the offer and instituting the present action to restrain defendants from further action enforcing 8 NYCRR 29.1 (b) (12) (i) (e) on the ground that the regulation was unconstitutional. Defendants then cross-moved for summary judgment on the grounds that plaintiff's action was premature and the regulation was valid. Ultimately, Special Term denied a motion by plaintiff for a preliminary injunction and granted defendants' summary judgment motion upon finding that the regulation was constitutional. This appeal ensued. We hold that the order and judgment of Special Term should be affirmed. Effective April 29, 1981, 8 NYCRR 29.1 (b) (12) (i) (e) was amended so that it no longer contains a prohibition against offering gratuitous services and discounts, and that being so, plaintiff's challenge to the regulation as it now stands is moot and academic. Moreover, even though plaintiff might conceivably be subject to disciplinary action for violations of the regulation which occurred before April 29, 1981, the present action is nonetheless premature. No disciplinary proceeding has been commenced against plaintiff for alleged earlier violations of the regulation, nor is such a proceeding likely in view of the April 29, 1981 amendment and defendants' offer of settlement noted above. We reach no other issue. Order and judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.